**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**DEAD SEASON LLC,**

  **Plaintiff,**

            **CASE NO.:**

**v.**

**DOES 1-13,**

  **Defendants.**

_____ /

**COMPLAINT**
**(INJUNCTIVE RELIEF SOUGHT)**

Plaintiff, Dead Season LLC ("Dead Season"), sues Defendants, Does 1-13, and alleges the following:

**JURISDICTION AND VENUE**

1. This is a civil action seeking damages and injunctive relief resulting from infringement by Defendants of Plaintiff's rights granted under the Copyright Laws of the United States. This action is brought in particular pursuant to 17 U.S.C. § 101 *et seq*.

2. This Court possess subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. The manner of the transfer of Plaintiff's motion picture, "Dead Season," among the peer-to-peer ("P2P") network users is called "BitTorrent protocol" or "torrent," which is different than the standard P2P protocol used for such networks as Kazaa and Limewire. The BitTorrent protocol makes even small computers with low bandwidth capable of participating in large data transfers across a P2P network. The

initial file-provider intentionally elects to share a file with a torrent network. The initial file is called a seed. Other users ("peers") and the network connect to the seed file to download it. As yet additional peers request the same file, each additional user becomes a part of the network from where the file can be downloaded. However, unlike a traditional P2P network, each new file downloader is receiving a different piece of the data from each user who has already downloaded the file that together comprises the whole. This piecemeal system with multiple pieces of data coming from peer members is commonly referred to as a "swarm." The effect of this technology makes every downloader also an uploader of the illegally transferred file(s). This means every "node" or peer user who has a copy of the infringing copyrighted material on a torrent network must necessarily also be a source of download for that infringing file.

4. The distributed nature of BitTorrent leads to a rapid viral spreading of a file throughout peer users. As more peers join the swarm, the likelihood of a successful download increases. Because of the nature of a BitTorrent protocol, any seed peer that has downloaded a file prior to the time a subsequent peer downloads the same file is automatically a source for the subsequent peer so long as that first seed peer is online at the time the subsequent peer downloads a file. Essentially, because of the nature of the swarm downloads described above, every infringer is stealing copyright materials from many Internet Service Providers ("ISPs") in numerous jurisdictions around the country.

5. Venue is proper in this District and in this division under 28 U.S.C. §§ 1391(b) and 1400(a). Although the true identity of each Defendant is unknown to Plaintiff at this time, on information and belief, each Defendant may be found in this

District and/or a substantial part of the acts of infringement complained of herein occurred in this District.  On information and belief, personal jurisdiction in this District is proper because each Defendant, without the consent or permission of Plaintiff, as exclusive rights owner, distributed and offered to distribute over the Internet copyrighted works for which Plaintiff has exclusive rights.  Such unlawful distribution occurred in numerous jurisdictions in the United States, including this one.

## THE PARTIES

6. Plaintiff Dead Season, is the developer, producer, and distributer of the motion picture *Dead Season*.  Plaintiff brings this action to stop Defendants from copying and distributing to others over the Internet unauthorized copies of Plaintiff's copyrighted motion picture.  Defendants' infringements allow them and others unlawfully to obtain and distribute for free unauthorized copyrighted works that Plaintiff spent millions of dollars to create and/or distribute.  Each time a Defendant unlawfully distributes a free copy of Plaintiff's copyrighted motion picture to others over the Internet, each person who copies that motion picture can then distribute that unlawful copy to others without any significant degradation in sound and picture quality.  Thus, a Defendant's distribution of even one unlawful copy of a motion picture can result in the nearly instantaneous worldwide distribution of that single copy to a limitless number of people.  Plaintiff now seeks redress for this rampant infringement of its exclusive rights.

7. Plaintiff is a Delaware limited liability company.  Plaintiff is engaged in the production and distribution of motion pictures for theatrical exhibition, home entertainment, and other forms of distribution.  Plaintiff is the owner of the copyrights

and/or the pertinent exclusive rights under copyright in the United States in the motion picture that has been unlawfully distributed over the Internet by Defendants.

8. The true names of Defendants are unknown to Plaintiff at this time. Each Defendant is known to Plaintiff only by the Internet Protocol ("IP") address assigned to that Defendant by his or her ISP and the date and time at which the infringing activity of each Defendant was observed. Plaintiff believes that information obtained in discovery will lead to the identification of each Defendant's true name and permit Plaintiff to amend this Complaint to state the same. Plaintiff further believes that additional information obtained will lead to the identification of additional infringing parties as monitoring of online infringement of Plaintiff's motion picture is ongoing.

## COUNT I – INFRINGEMENT OF COPYRIGHTS

9. Plaintiff incorporates by reference the allegations in paragraphs 1 through 8 above.

10. Plaintiff was responsible for the production of the commercially released motion picture titled *Dead Season* directed by Adam Deyoe and starring James C. Burns and Scott Peet, among others, which motion picture has significant value and has been produced and created at considerable expense.

11. At all relevant times, Plaintiff has been and is the holder of the pertinent exclusive rights infringed by Defendants, as alleged hereunder, for certain copyrighted motion pictures, including but not limited to, the copyrighted motion picture *Dead Season* (the "Copyrighted Motion Picture," including derivative works). The

Copyrighted Motion Picture is the subject of a valid Certificate of Copyright Registration, Registration Number PAu003633298, issued by the Register of Copyrights.

12. The Copyrighted Motion Picture contains a copyright notice advising the viewer that the motion picture is protected by the copyright laws.

13. Plaintiff is informed and believes that each Defendant, without the permission or consent of Plaintiff, has used, and continues to use, an online-media distribution system to reproduce and distribute to the public, including by making available for distribution to others, the Copyrighted Motion Picture. Plaintiff has identified each Defendant by the IP address assigned to that Defendant by his or her ISP and the date and at the time at which the infringing activity of each Defendant was observed. In doing so, each Defendant has violated Plaintiff's exclusive rights of reproduction and distribution. Each Defendant's actions constitute infringement of Plaintiff's exclusive rights protected under the Copyright Act of 1976 (17 U.S.C. § 101, *et seq.*). On information and belief, each Defendant participated in a swarm and/or reproduced and/or distributed the same seed file of Plaintiff's Copyrighted Motion Picture in digital form with each other.

14. The foregoing acts of infringement have been willful, intentional, in disregard of, and with indifference to, the rights of Plaintiff.

15. As a result of each Defendant's infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to relief pursuant to 17 U.S.C. § 504 and to its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

16. The conduct of each Defendant is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting each Defendant from further infringing Plaintiff's copyright and ordering that each Defendant destroy all copies of the Copyrighted Motion Picture made in violation of Plaintiff's copyrights.

17. Plaintiff has engaged IP Enforcement Law Group, P.A. to enforce and vindicate its rights and is obligated to pay that law firm a reasonable fee for its services.

WHEREFORE, Plaintiff respectfully requests this Court to:

A. Enter judgment in favor of Plaintiff and against Defendants;

B. Grant Plaintiff permanent injunctions providing that each Defendant shall be enjoined from directly or indirectly infringing Plaintiff's rights in the Copyrighted Motion Picture and any motion picture, whether now in existence or later created, that is owned or controlled by Plaintiff ("Plaintiff's Motion Pictures"), including without limitation by using the Internet to reproduce or copy Plaintiff's Motion Pictures, to distribute Plaintiff's Motion Pictures, or to make Plaintiff's Motion Pictures available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiff;

C. Order each Defendant to destroy all copies of Plaintiff's Motion Pictures that Defendant has downloaded onto any computer hard drive or server without Plaintiff's authorization and to destroy all copies of those downloaded motion pictures

transferred onto any physical medium or device in each Defendant's possession, custody, or control;

   D.  Award to Plaintiff damages (actual or statutory) pursuant to 17 U.S.C. § 504, at the election of Plaintiff, Plaintiff's costs and reasonable attorneys' fees; and

   E.  Grant to Plaintiff all other and further relief this Court deems just and appropriate.

Dated: October 29, 2012       Respectfully submitted,

               s/ Richard E. Fee
               Richard E. Fee
               Florida Bar No. 813680
               IP ENFORCEMENT LAW GROUP P.A.
               1227 N. Franklin Street
               Tampa, Florida 33602
               (813) 490-6050
               (813) 490-6051 (Facsimile)
               rfee@ipenforcementlaw.com

               Trial Counsel for Plaintiff,
               Dead Season, LLC