UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEAD SEASON, LLC,

    Plaintiff,        Case No.: 8:12-cv-2436-T-33EAJ

v.

DOES 1-13,

    Defendants.
_____/

**ORDER**

This cause comes before the Court pursuant to the Court's January 2, 2013, Show Cause Order (Doc. # 6), and Plaintiff Dead Season LLC's response to the Order (Doc. # 7), filed on January 16, 2013.

For the reasons that follow, the Court determines that all of Dead Season's claims except those asserted against Doe 1 shall be severed and dismissed without prejudice and with leave to re-file as separate actions against as many of the remaining Doe Defendants as Dead Season chooses.

I. **Background**

Dead Season filed this action for copyright infringement on October 29, 2012, against thirteen Doe Defendants, known to Dead Season and identified in the Complaint only by their Internet Protocol (IP) addresses. (Doc. # 1). Dead Season is the owner of United States Copyright Registration Number

PAU003633298 for the motion picture titled "Dead Season." (Id. at ¶ 11). Dead Season alleges that each Doe Defendant used the BitTorrent file sharing protocol to illegally download the film. Generally, Dead Season contends that each of the Doe Defendants shared pieces of the film, using BitTorrent, such that the film could be reassembled into a full copy for view by the Doe Defendants. The Complaint contains detailed explanations of the BitTorrent protocol and detailed descriptions of how the protocol is used to violate United States copyright law, such that further explanation of such protocol is unnecessary here.

On November 8, 2012, Dead Season sought an order allowing it to serve immediate discovery on the Doe Defendants' internet service providers so as to allow Dead Season to ascertain the Doe Defendants' true identities from their IP addresses. (Doc. # 5). The Court entered an Order on January 2, 2013, denying Dead Season's motion without prejudice and directing Dead Season to show cause in writing by January 16, 2013, as to "why the Doe Defendants should not be severed and the claims against Does 2-13 dismissed without prejudice." (Doc. # 6). Dead Season filed its response to the Court's Show Cause Order on January 16, 2013. (Doc. # 7).

**II.  Analysis**

The issue presently before this Court is whether this action should proceed against the Doe Defendants collectively or whether the individual actions should be severed.

On December 6, 2012, the Honorable James D. Whittemore, United States District Judge, entered a detailed Order addressing the issue of severance in the context of a similar copyright infringement case based on BitTorrent file sharing. See Malibu Media, LLC v. Does 1-28, 8:12-cv-1667-JDW-MAP (Doc. # 22). Under facts nearly identical to those presented here, Judge Whittemore concluded that "joinder is technically proper under Rule 20(a)," but that such joinder of Doe Defendants as "users in the same BitTorrent swarm" frustrated the purpose of the Federal Rules of Civil Procedure. Id. at 5, 7.[1] Thus, Judge Whittemore severed the individual cases pursuant to Rule 21, Fed. R. Civ. P., after considering the deleterious impact of joinder on the parties and on the judicial system.[2] After due consideration, this Court joins in his sound reasoning.

Severing the individual claims asserted in this action is necessary to promote judicial economy and to ensure effective

---

[1] Pursuant to Rule 20, Fed. R. Civ. P., a plaintiff may join claims against defendants if the claims arise out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action.

[2] Rule 21, Fed. R. Civ. P., permits the Court to "sever any claim against a party."

case management.  Given the nature of this case, the Court anticipates that the motions filed by each of the Doe Defendants during the course of the case are likely to be highly-individualized and fact-intensive.  Indeed, identified only by their IP addresses, and linked only by their participation in a cyber "swarm," the Court foresees that each Doe Defendant may assert unique challenges to the Court's jurisdiction and other factually diverse arguments and defenses.  See Bubble Gum Prods., LLC v. Does 1-80, No. 12-cv-20367, 2012 WL 2953309, at *4 (S.D. Fla. July 19, 2012) ("[T]he variety of individualized defenses that can be raised creates judicial inefficiency when numerous defendants are joined."); CineTel Films, Inc. v. Does 1-1,052, 853 F. Supp. 2d 545, 554 (D. Md. 2012)("To maintain any sense of fairness, each individual defendant would have to receive a mini-trial, involving different evidence and testimony.  The enormous burden of a trial like this . . . would substantially prejudice defendants and the administration of justice.").

The Court finds that resolution of the Doe Defendants' various arguments and defenses via "mini-trial" would hinder judicial economy and be fundamentally unfair to the parties.

Furthermore, as noted by Judge Whittemore, "The only economy that litigating these cases as a single action would achieve is an economy to plaintiff - the economy of not having

to pay a separate filing fee for each action brought." No. 8:12-cv-1667-JDW-MAP (Doc. # 22 at 11) (citations omitted). Here, in an action initially filed against thirteen Doe Defendants, Dead Season paid a single filing fee of $350.00, rather than $4,550.00, the amount that would be required to bring thirteen separate actions.

Filing fees not only provide crucial funding for the operation of the Court, but also serve as a deterrent to the filing of frivolous suits. See In re McDonald, 489 U.S. 180, 184 (1989)(explaining that filing fees provide a threshold barrier against the filing of frivolous actions and garner much needed revenue for the courts).  Severance of the individual claims in this matter is essential to preserve the purpose of the filing fee as mandated by 28 U.S.C. § 1914(a).

In addition, the Court turns to Rule 1 of the Federal Rules of Civil Procedure, which requires that this Court construe the Federal Rules to "secure the just, speedy, and inexpensive determination of every action and proceeding." Severing these individual actions will promote these laudable principles and prevent the unique prejudice that is presented in multi-defendant copyright cases where the identities of the Doe Defendants may be difficult to ascertain.  As noted by Judge Whittemore:

> With twenty-eight defendants, meaningful case management deadlines will not be reasonably achievable without extensive hearings. And when the identity of each John Doe defendant is eventually discovered by Malibu, the prospect of numerous amended complaints arises, an unnecessary exercise in contemporary litigation which will present an inordinate administrative chore for the Clerk, the court, and the parties. And the process of identifying the unknown defendants has the potential of prejudicing those defendants who are identified early on, who will likely languish in litigation beyond their control while Malibu pursues the identities of the other John Does.

No. 8:12-cv-1667-JDW-MAP (Doc. # 22 at 14). The Honorable David A. Baker, United States Magistrate Judge, also recently highlighted the "significant burden on the Clerk's office" in the absence of severance in a similar copyright case based on use of the BitTorrent protocol, when "each time an order is docketed in the case, [the Clerk's office] is obligated to review every item filed, and potentially prepare and mail a copy of the order to all of the defendants who are pro se even when the order does not pertain to each defendant." Bait Prods. PTY LTD. v. Does 1-73, No. 6:12-cv-1637 (Doc. # 12 at 8).

In conclusion, the Court finds that to jointly try these disparate actions would contravene judicial economy, inhibit effective case management, and cause significant prejudice to the joined Doe Defendants and to the Court. The Court accordingly dismisses Doe Defendants 2-13 from this case

without prejudice. Dead Season has the option of filing suits against each of these individual Doe Defendants separately and is required to pay the filing fee in connection with each individual suit it chooses to file.

Additionally, as noted above, on November 8, 2012, Dead Season requested permission to serve non-party subpoenas on the Doe Defendants' internet service providers prior to the parties' Rule 26(f) conference, in order to ascertain the identities of the Doe Defendants from their IP addresses, which motion the Court denied without prejudice. Accordingly, if Dead Season still wishes to obtain leave to serve a non-party subpoena on Doe 1's internet service provider prior to the Rule 26(f) conference, Dead Season is directed to file, on or before February 11, 2013, a renewed motion requesting such relief for the Court's consideration.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The individual claims in this action are **SEVERED** such that Does 2-13 are **DISMISSED** without prejudice. Dead Season has the option of filing suits against each of these individual Doe Defendants separately and is required to pay the filing fee in connection with each individual suit it chooses to file.

(2) If Dead Season still wishes to obtain leave to serve a non-party subpoena on Doe 1's internet service provider, Dead Season is directed to file on or before February 11, 2013, a renewed motion requesting such relief for the Court's consideration.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>4th</u> day of February, 2013.

*[signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record